**UTATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., | Civil Action No.  2:15-cv-05472-MCA-MAH |
| Plaintiff, | Hon. Madeline Cox Arleo, U.S.D.J. |
| vs. | Hon. Michael A. Hammer, U.S.M.J. |
| ACTIONLINK, LLC, | MOTION DAY:  September 8, 2015 |
| Defendant. | |

**PLAINTIFF LG ELECTRONICS U.S.A., INC.'S BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**COUNT TWO OF PLAINTIFF'S COMPLAINT**

**HUGHES HUBBARD & REED LLP**
A New York Limited Liability Partnership
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302
Telephone: (201) 536-9220

Attorneys for Plaintiff
LG Electronics U.S.A., Inc.

On the Brief:
    Eric Blumenfeld

66450223_1

**TABLE OF CONTENTS**

STATEMENT OF FACTS ...................................................................................................1

    I.     LGEUS'S FRAUD CLAIM...................................................................................1

    II.    THE PRESENT LAWSUIT ...............................................................................2

STANDARD OF REVIEW ................................................................................................3

LEGAL ARGUMENT........................................................................................................3

    I.     LGEUS'S COMMON-LAW FRAUD CLAIM IS ACTIONABLE IN THIS CASE BECAUSE ACTIONLINK INTENDED TO SWINDLE LGEUS AT THE TIME THE PARTIES ENTERED INTO THE STATEMENTS OF WORK, AND IT DID SWINDLE LGEUS...........................3

          A.    This Court Should Consider Appellate Division Cases to Determine the Scope of the Economic Loss Doctrine. ...............................4

          B.    The Economic Loss Doctrine Does Not Bar Concurrent Contract and Fraud Claims. ...................................................................................5

          C.    The Economic Loss Doctrine Does Not Bar LGEUS's Fraud Claim Here..............................................................................................7

    II.    ALTERNATIVELY, LGEUS SHOULD BE GIVEN AN OPPORTUNITY TO REPLEAD ITS COMPLAINT BECAUSE IT WAS DRAFTED TO COMPLY WITH THE NEW JERSEY RULES OF COURT..........................................................................................................7

    III.   THIS COURT SHOULD DECIDE LGEUS'S MOTION TO REMAND BEFORE RULING ON THE MERITS OF THE PRESENT MOTION.................8

CONCLUSION.................................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aetna Casualty & Surety Co. v. Farrell*, 855 F.2d 146 (3d Cir.1988)..............................4

*Alloway v. Gen'l Marine Indus., L.P.*, 149 N.J. 620 (1997) ..........................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................3

*Blystra v. Fiber Tech Grp., Inc.*, 407 F. Supp. 2d 636 (D.N.J. 2005)...............................5

*Brown v. Jersey City Parking Auth.*, No. 08-cv-0764, 2008 WL 4117454 (D.N.J. Aug. 29, 2008) .............................................................................................................8

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ......................................3

*Cacoilo v. Sherwin-Williams Co.*, No. 11-cv-7039, 2012 WL 2459409 (D.N.J. June 25, 2012) ...............................................................................................................8

*Christ Hosp. v. Local 1102 Health and Ben. Fund*, No. 11-cv-5081, 2011 WL 5042062 (D.N.J. Oct. 24, 2011).................................................................................................8

*Chrustowski v. Cumberland Cnty. Guidance Center*, No. 06-cv-4847, 2006 WL 3780555 (D.N.J. Dec. 20, 2006) .................................................................................................8

*Coastal Grp., Inc. v. Dryvit Sys., Inc.*, 274 N.J. Super. 171 (App. Div. 1994) (Skillman, J.A.D.)...............................................................................................................5, 7

*Commercial Union Ins. Co. v. Bituminous Cas. Corp.*, 851 F.2d 98 (3d Cir. 1988).......................4

*Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456 (1967) ...........................4, 6

*D'Angelo v. Miller Yacht Sales*, 261 N.J. Super. 683 (App. Div. 1993) (Brody, J.A.D.) ...............5

*Emerson Radio Corp. v. Orion Sales, Inc.*, No. 95-cv-6455, 2000 WL 49361 (D.N.J. Jan. 10, 2000) ...............................................................................................................5

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) ..............................................................4

*Fidelity Union Trust Co. v. Field*, 311 U.S. 169 (1940)...............................................4, 6

*First Valley Leasing, Inc. v. Goushy*, 795 F. Supp. 693 (D.N.J. 1992) ...........................6

ii

*G & F Graphic Servs., Inc. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 591-93 (D.N.J. 2014) ..................................................................................................................6

*Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130 (2001) ..........................................................5, 6

*Grande Vill. LLC v. CIBC Inc.*, No. 14-cv-3495, 2015 WL 1004236 (D.N.J. Mar. 6, 2015) ............................................................................................................................5

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) ......................................................7

*Hicks v. Monaco Coach Corp.*, No. 06-cv-3949, 2006 WL 3780703 (D.N.J. Dec. 21, 2006) ............................................................................................................................8

*Kirtley v. Wadekar*, No. 05-cv- 5383, 2006 WL 2482939 (D.N.J. Aug. 25, 2006)........................6

*McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir. 1980).......................................4

*Perth Amboy Iron Works, Inc. v. Am. Home Assurance Co.*, 226 N.J. Super. 200 (App. Div. 1988) (Dreier, J.A.D.), *aff'd o.b.*, 118 N.J. 249 (1990) ...............................................5, 6

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)..........................................................7

*Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739 (1989) ...............................7

*Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers and Participating Employers*, 134 S. Ct. 773 (2014) .......................................................5

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297 (2002) ....................................................................5

*Sheridan v. NGK Metals Corp.*, 609 F.3d 239 (3d Cir. 2010)......................................................5, 6

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)..................................................8

*Unifoil Corp. v. Cheque Printers & Encoders, Ltd.*, 622 F. Supp. 268 (D.N.J. 1985)...................6

*Vanguard Telecom. v. Southern New England Telephone*, 900 F.2d 645 (3d Cir. 1990) ..............6

*West v. A.T. & T. Co.*, 311 U.S. 223 (1940)....................................................................................4

**STATUTES AND RULES**

Fed. R. Civ. P. 8(a)(2)......................................................................................................................3

N.J.S.A. 12A:1-103...........................................................................................................................7

Rule 4:6-2(e) .....................................................................................................................................7

66450223_1

iv

**OTHER AUTHORITIES**

Christopher J. Faricelli, *Wading into the "Morass": An Inquiry into the Application of New Jersey's Economic Loss Rule to Fraud Claims*, 35 Rutgers L. J. 717 (2004) ...................6

## STATEMENT OF FACTS

**I.    LGEUS'S FRAUD CLAIM**

This case is about fraud.  Plaintiff LG Electronics U.S.A., Inc. ("LGEUS") filed this lawsuit against Defendant ActionLink, LLC ("ActionLink") to recover more than $1.8 million that ActionLink pocketed by luring LGEUS into two Statements of Work promising to invoice actual costs when ActionLink knew that it would overcharge LGEUS and keep the proceeds. *See* Compl. ¶¶ 8-9, 33-42 (ECF No. 1-1).

LGEUS manufactures and markets consumer electronics, home appliances and mobile communications.  Compl. ¶ 3.  ActionLink provides marketing services for electronics and appliance manufacturers.  *Id.* ¶ 4.  The parties entered into a Master Services Agreement effective August 26, 2010 (the "Agreement") under which ActionLink would design and operate an In-Store Execution Program (the "Program").  *Id.* ¶ 5.  The Program's goal was to improve sales of LGEUS's products.  *Id.*

The Agreement anticipated that the parties would enter into more detailed Statements of Work which would subsequently become part of the parties' Agreement.  *See* Compl. ¶ 7.  The parties ultimately agreed to two Statements of Work, dated December 1, 2010 and April 1, 2012 (the "SOWs").  *Id.*

Among other responsibilities, the Statements of Work required ActionLink to institute and operate a fleet vehicle program.  Compl. ¶ 8.  The parties agreed that the purpose of the fleet vehicle program was to reduce costs and to increase exposure of the LGEUS brand.  *See id.*  In negotiating the SOWs, ActionLink represented that it would charge LGEUS for only the actual costs of the fleet vehicle program, and the parties memorialized that representation in the SOWs. *See id.* ¶¶ 9, 10, 12, 13.  LGEUS would not have entered into the SOWs had it known that

ActionLink would be secretly profiting from the fleet vehicle program. *See id.* ¶¶ 19-20 (documenting LGEUS's attempts to recover the stolen funds).

ActionLink billed LGEUS $3,040,800 for the fleet vehicle program in 2011. Compl. ¶ 11. But the actual cost of the fleet vehicle program for 2011 was $2,380,732. *Id.* As a result, ActionLink pocketed $660,068 in 2011. *Id.* ActionLink billed LGEUS $3,102,995 for the fleet vehicle program in 2012. *Id.* ¶14. But the actual cost of the fleet vehicle program for 2012 was $1,888,005. *Id.* ¶ 15. As a result, ActionLink pocketed $1,214,990 in 2012. *Id.* In all, ActionLink swindled LGEUS for $1,875,058 before LGEUS terminated the Agreement. *See id.* ¶ 16.

In 2014, after finding discrepancies in ActionLink's records, LGEUS's internal counsel contacted ActionLink's counsel and requested an audit under the terms of the parties' Agreement. Compl. ¶ 19. After initially promising to comply, ActionLink ultimately refused to permit an audit. *Id.* LGEUS then demanded that ActionLink return the funds that it had taken by deceit. *Id.* ¶ 20. ActionLink refused. *Id.* ¶¶ 21-22.

## II.   THE PRESENT LAWSUIT

On June 3, 2015, LGEUS filed a Complaint against ActionLink in the Superior Court of New Jersey, Bergen County. *See* Compl. (ECF No. 1-1). LGEUS asserts three causes of action against ActionLink: (1) breach of contract (Count One), *id.* ¶¶ 23-31, (2) common-law fraud (Count Two), *id.* ¶¶ 32-42, and (3) breach of the implied covenant of good faith and fair dealing (Count Three), *id.* ¶¶ 43-49.

ActionLink filed a Notice in this Court to remove the present action one month later, on July 10, 2015. *See* Notice of Removal (ECF No. 1). On August 7, 2015, LGEUS moved to remand this matter to the Superior Court of New Jersey. *See* Mot. to Remand (ECF. No. 6).

66450223_1

## STANDARD OF REVIEW

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). For the purpose of a motion to dismiss, the court accepts the plaintiff's factual allegations as true. *See, e.g., Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

## LEGAL ARGUMENT

ActionLink's motion seeks to dismiss only Count Two of LGEUS's Complaint, its common-law fraud claim. *See* Def.'s Not. of Mot. at 1 (ECF No. 3). Counts One and Three of the Complaint will survive regardless of how the Court resolves this motion. Moreover, ActionLink does not seek to dismiss LGEUS's fraud claim as insufficiently pled. Rather, ActionLink argues that, even if it defrauded LGEUS, the economic loss doctrine bars LGEUS from recovering for that misconduct. *See* Mot. Br. at 3 (ECF No. 3-1) ("In this case, the economic loss doctrine bars Count Two of LG's Complaint alleging common law fraud. . . ."). LGEUS therefore limits its opposition to whether the economic loss doctrine bars the current fraud claim based on the facts alleged.

I.   **LGEUS'S COMMON-LAW FRAUD CLAIM IS ACTIONABLE IN THIS CASE BECAUSE ACTIONLINK INTENDED TO SWINDLE LGEUS AT THE TIME THE PARTIES ENTERED INTO THE STATEMENTS OF WORK, AND IT DID SWINDLE LGEUS.**

ActionLink cheated LGEUS. At the time that the parties negotiated the Statements of Work, ActionLink represented that it would charge LGEUS for only the actual costs of the fleet

3

vehicle program, even though ActionLink knew that it would overcharge LGEUS and secretly bilk LGEUS for hundreds of thousands of dollars. That the parties decided to memorialize ActionLink's false representation in the parties' Statements of Work does not reduce ActionLink's misconduct to a mere breach of contract. This Court should not protect ActionLink from having to account to LGEUS simply because ActionLink was LGEUS's contract partner.

> **A.    This Court Should Consider Appellate Division Cases to Determine the Scope of the Economic Loss Doctrine.**

A federal court sitting in diversity must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Ordinarily, the opinion of the state's highest court controls. *See id.*; *see also Commercial Union Ins. Co. v. Bituminous Cas. Corp.*, 851 F.2d 98, 100 (3d Cir. 1988). But when the highest state court has not decided a particular question of law, the federal court must predict what the highest state court would decide if confronted with the same question. *E.g., Aetna Casualty & Surety Co. v. Farrell*, 855 F.2d 146, 148 (3d Cir. 1988).

In predicting how the highest state court would decide an issue, the federal court may look to similar state court cases, treatises, restatements and law review articles. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 662-63 (3d Cir. 1980). But where intermediate state appellate courts have decided the question at issue, the decisions of those courts constitute "presumptive evidence of state law." *Commercial Union*, 851 F.2d at 101; *see also Aetna Casualty*, 855 F.2d at 148. Indeed, the decision of an intermediate state appellate court "is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (quoting *West v. A.T. & T. Co.*, 311 U.S. 223, 237 (1940)); *see also Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-78 (1940) ("An intermediate state court in declaring and applying the state law is acting as an organ of the State, and its

4

66450223_1

determination, in the absence of more convincing evidence of what the state law is, should be followed by a court in deciding a state question."); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 254 (3d Cir. 2010) (same).

**B.    The Economic Loss Doctrine Does Not Bar Concurrent Contract and Fraud Claims.**

"Under New Jersey Law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002). Thus, a claimant cannot reframe the breach of a commercial contract as negligent performance. *See id.* at 316-17. But intentional torts are different. "[E]very person is under a duty not to commit intentional torts." *Emerson Radio Corp. v. Orion Sales, Inc.*, No. 95-cv-6455, 2000 WL 49361, at *8 (D.N.J. Jan. 10, 2000); *accord Grande Vill. LLC v. CIBC Inc.*, No. 14-cv-3495, 2015 WL 1004236, at *8 n. 3 (D.N.J. Mar. 6, 2015); *Blystra v. Fiber Tech Grp., Inc.*, 407 F. Supp. 2d 636, 647 (D.N.J. 2005).

Thus, unsurprisingly, "[n]o New Jersey Supreme Court case holds that a fraud claim cannot be maintained if based on the same underlying facts as a contract claim." *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 144 (2001), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers and Participating Employers*, 134 S. Ct. 773 (2014). And New Jersey's Appellate Division has repeatedly held that commercial parties may maintain concurrent contract and fraud claims. *See Coastal Grp., Inc. v. Dryvit Sys., Inc.*, 274 N.J. Super. 171, 177-79 (App. Div. 1994) (holding that plaintiff may maintain breach-of-contract claim under U.C.C. and fraud claim concurrently) (Skillman, J.A.D.); *D'Angelo v. Miller Yacht Sales*, 261 N.J. Super. 683, 686 (App. Div. 1993) (same) (Brody, J.A.D.); *Perth Amboy Iron Works, Inc. v. Am. Home Assurance Co.*, 226 N.J. Super. 200, 227 (App. Div. 1988) (same) (Dreier, J.A.D.), *aff'd o.b.*, 118 N.J. 249 (1990).

5

The Judges of this honorable Court have disagreed on whether the economic loss doctrine bars a concurrent fraud claim.  *Compare First Valley Leasing, Inc. v. Goushy*, 795 F. Supp. 693, 701 (D.N.J. 1992) (permitting concurrent breach-of-contract and fraud claims) (Fisher, U.S.D.J.) *and Kirtley v. Wadekar*, No. 05-cv-5383, 2006 WL 2482939, at *4 (D.N.J. Aug. 25, 2006) (same) (Greenaway, U.S.D.J.) *with Unifoil Corp. v. Cheque Printers & Encoders, Ltd.*, 622 F. Supp. 268, 270 (D.N.J. 1985) (barring concurrent fraud claim) (Stern, U.S.D.J.); *see also G & F Graphic Servs., Inc. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 591-93 (D.N.J. 2014) (comparing several differing standards announced in the district court cases); *see generally* Christopher J. Faricelli, *Wading into the "Morass":  An Inquiry into the Application of New Jersey's Economic Loss Rule to Fraud Claims*, 35 Rutgers L. J. 717 (2004).  Indeed, the Third Circuit Court of Appeals has called the applicable case law a "morass."  *Gleason*, 243 F.3d at 144 (3d Cir. 2001) (quoting *Vanguard Telecom. v. Southern New England Telephone*, 900 F.2d 645, 654 (3d Cir. 1990)).

In such situations, where the case law and other authorities conflict, the U.S. Supreme Court has directed that the decisions of state intermediate appellate courts hold substantial weight unless it is apparent that the highest state court would decide the question differently.  *See Bosch*, 387 U.S. at 465; *Fidelity Union*, 311 U.S. at 177-78.  In addition, "[w]hen a state's highest court denies review, the policy reasons for following an intermediate court decision . . . are strengthened."  *Sheridan*, 609 F.3d at 254.  Here, the New Jersey Supreme Court has, if anything, supported the holdings in the Appellate Division cases by granting certification to hear the *Perth Amboy Iron Works* case, *see* 115 N.J. 60, and then unanimously affirming based on Judge Dreier's decision, *see* 118 N.J. at 251.  If a denial of review strengthens the holding of an intermediate appellate court, surely the highest court's review and affirmance is even more compelling.  As a result, this Court need not and should not blaze its own trail.  *See Sheridan*,

6

609 F.3d at 254 ("Unlike our role in interpreting federal law, we may not 'act as a judicial pioneer' in a diversity case.") (citation omitted).

### C.     The Economic Loss Doctrine Does Not Bar LGEUS's Fraud Claim Here.

Applying the New Jersey Appellate Division precedent, it is clear that LGEUS may maintain concurrent contract and fraud claims.  *See, e.g., Coastal Grp.*, 274 N.J. Super. at 177 ("Thus, an action based on facts showing fraudulent conduct or material misrepresentation may be redressed by an action in tort for fraud or a contract action for nonfraudulent breach, and there is no need to elect.") (citation and internal punctuation omitted).  Although the Appellate Division cases address contracts for goods under the Uniform Commercial Code, rather than contracts for services, the rule is the same.  The Uniform Commercial Code governs the contract claim but allows the plaintiff to pursue any other viable common-law or statutory claims that are available.  *See* N.J.S.A. 12A:1-103; *Alloway v. Gen'l Marine Indus., L.P.*, 149 N.J. 620, 639-40 (1997).  Thus, irrespective of the nature of the contract claim, a valid fraud claim remains viable despite the economic loss doctrine.

## II.     ALTERNATIVELY, LGEUS SHOULD BE GIVEN AN OPPORTUNITY TO REPLEAD ITS COMPLAINT BECAUSE IT WAS DRAFTED TO COMPLY WITH THE NEW JERSEY RULES OF COURT.

The Third Circuit Court of Appeals has held that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).  Here, LGEUS drafted its complaint to comply with the New Jersey Rules of Court which provide a different pleading standard than do the Federal Rules of Civil Procedure.  *See Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 771-72 (1989) (directing trial courts "to approach with great caution applications for dismissal under Rule 4:6-2(e) for failure of a complaint to state a claim

7

on which relief may be granted"). If the Court is inclined to dismiss Count Two as drafted, LGEUS should be granted an opportunity to replead its Complaint to meet the federal standard.

### III.    THIS COURT SHOULD DECIDE LGEUS'S MOTION TO REMAND BEFORE RULING ON THE MERITS OF THE PRESENT MOTION.

"Courts are generally required to determine questions of jurisdiction before reaching the merits of a case." *Brown v. Jersey City Parking Auth.*, No. 08-cv-0764, 2008 WL 4117454, at *3 (D.N.J. Aug. 29, 2008) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94–95 (1998)). Thus, "once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded back to the court of initial jurisdiction for proceedings." *Chrustowski v. Cumberland Cnty. Guidance Center*, No. 06-cv-4847, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006). Courts within this District have consistently applied this approach and resolved pending motions to remand prior to ruling on other motions that address the merits of the case. *See, e.g.*, *Cacoilo v. Sherwin-Williams Co.*, No. 11-cv-7039, 2012 WL 2459409, at *2 (D.N.J. June 25, 2012) (denying without prejudice defendants' motion to dismiss pending resolution of plaintiff's motion to remand); *Christ Hosp. v. Local 1102 Health and Ben. Fund*, No. 11-cv-5081, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) (electing to address plaintiff's motion to remand prior to defendant's motion to dismiss because the motion to remand affected the court's jurisdiction); *Brown*, 2008 WL 4117454, at *3 (same); *Hicks v. Monaco Coach Corp.*, No. 06-cv-3949, 2006 WL 3780703, at *1 (D.N.J. Dec. 21, 2006) (same); *Chrustowski*, 2006 WL 3780555, at *2 (same).

On August 7, 2015, LGEUS moved to remand this matter to the Superior Court of New Jersey. *See* Mot. to Remand (ECF. No. 6). In accordance with the law of this District, the Court should decide LGEUS's motion to remand prior to ruling on any other motion that addresses the merits of this case, including Defendant's Motion to Dismiss Count Two of the Complaint.

8

66450223_1

## CONCLUSION

Plaintiff LG Electronics U.S.A., Inc. respectfully asks the Court to deny Defendant's motion to dismiss Count Two of Plaintiff's Complaint.

> HUGHES HUBBARD & REED LLP
> Attorneys for Plaintiff
> LG Electronics U.S.A., Inc.
>
>
> By: _s/ Eric Blumenfeld_____
>            Eric Blumenfeld

Dated:  August 25, 2015

9