<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LG ELECTRONICS U.S.A., INC., | Civ. No. 15-5472 (MCA) |
| Plaintiff, |  |
| v. |  |
| ACTIONLINK, LLC, | OPINION |
| Defendant. |  |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff's Motion to Remand the Complaint to the Superior Court of New Jersey, Bergen County pursuant to 28 U.S.C. § 1447(c). Dkt. No. 6. The Court decides this motion on the papers pursuant to Fed. R. Civ. P. 78 and Local Civ. R. 78.1(b). For the reasons set forth below, the Court will remand Plaintiff's Complaint to the Superior Court of New Jersey, Bergen County.

### I. BACKGROUND

On August 26, 2010, Plaintiff LG Electronics U.S.A., Inc. ("Plaintiff") entered into a Master Services Agreement ("Agreement") with Defendant Actionlink, LLC ("Defendant") in which Plaintiff authorized Defendant "to design and operate an In-Store Execution Program" in an effort to boost the sale of Plaintiff's products. Complaint ¶ 5. In this action, Plaintiff alleges that Defendant sent false invoices totaling more than $1.8 million to Plaintiff under the Agreement.[1] Id. ¶¶ 9-16. Pursuant to § 13.E of the Agreement, Plaintiff and Defendant agreed

---

[1] There is a related case which was filed in this District on May 5, 2015 in which Actionlink sues LG Electronics U.S.A., asserting six causes of action due to LG Electronics U.S.A.'s alleged

"to submit any dispute relating to this Agreement to the exclusive jurisdiction of the courts of the State of New Jersey, United States of America." Dkt. No. 6-2, Christopher Welgos Cert. Ex. A, Master Services Agreement § 13.E.  Pursuant to the Agreement, Plaintiff filed suit against Defendant in the Superior Court of New Jersey, Bergen County on June 3, 2015, alleging claims of breach of contract, common law fraud and breach of the implied covenant of good faith and fair dealing, and seeking to recover more than $1.8 million in damages. Id. ¶¶ 23-49.

On July 10, 2015, Defendant removed the action to this Court. Dkt. No. 1.  Defendant asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.[2] On August 7, 2015, Plaintiff filed a Motion to Remand its Complaint to state court, arguing that removal was improper because the parties had selected the state courts of New Jersey as the exclusive forum in which to address their disputes.

## II.     LEGAL ANALYSIS

28 U.S.C. § 1441(a) permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  For removal based on diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the

---

failure to perform under the Master Services Agreement. See Actionlink LLC v. LG Electronics U.S.A., Inc., No. 15-3168 (MCA).

[2] There does not appear to be any dispute that the requirements of 28 U.S.C. § 1332 are satisfied. According to the Notice of Removal, Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Dkt. No. 1, Notice of Removal ¶ 12. Defendant is a limited liability company, the members of which reside in Ohio, Nevada and California. Id. ¶¶ 7-11. Finally, Plaintiff seeks damages well in excess of $75,000. Id. ¶ 14.

2

parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); see Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (noting that federal courts can neither proceed without subject matter jurisdiction, nor can a party waive a lack of jurisdiction). The party asserting federal jurisdiction bears the burden of demonstrating that removal was proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (describing this burden as "heavy"). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### A. Motion to Remand Based on Forum Selection Clause

Plaintiff does not dispute that diversity jurisdiction exists; however, it argues that the forum selection clause contained in the Agreement requires that this case be remanded to state court because § 13.E of the Agreement provides that:

> The parties agree to submit any dispute relating to this Agreement to the exclusive jurisdiction of the courts of the State of New Jersey, United States of America.

Dkt. No. 6-2, Christopher Welgos Cert. Ex. A § 13E. Defendant opposes the motion to remand, arguing that the forum selection clause cannot be enforced because it is ambiguous, and can be interpreted to mean that the instant action could have been brought either in federal court or state court in New Jersey.

"A defendant can contractually waive his right to remove an action brought in a state court." New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 547 (3d Cir. 2011) (internal quotation

3

and punctuation omitted). A contractual waiver of the right to remove exists where a valid and enforceable forum selection clause excludes federal jurisdiction. Id. at 550 ("In sum, we find that the forum selection clause memorializes the parties' intention to litigate all contractual disputes in the state courts of New Jersey and thus was a waiver of the right to removal."). "If a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." Foster v. Chesapeake Inc. Co., Ltd., 933 F.3d 1207, 1216 (3d Cir.), cert. denied, 502 U.S. 908 (1991). "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); see also Wall Street Aubrey Golf, LLC v. Aubrey, 189 Fed. App'x 82, 84 (3d Cir. 2006). In the Third Circuit, forum selection clauses are presumptively valid. See Wall Street, 189 Fed. App'x at 85 (citing Costal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983)); Int'l Business Software Solutions, Inc. v. Sail Labs Tech., AG, 440 F. Supp. 2d 357, 362 (D.N.J. 2006); Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Hence, the party opposing the forum selection clause bears the burden of making a "strong showing" that the clause is unreasonable, and therefore unenforceable. See Cadapult, 98 F. Supp. 2d at 565 (citing M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972)).

     Generally, a forum selection clause is unreasonable if: (1) it is the result of fraud or overreaching; (2) its enforcement would violate the forum's strong public policy; or (3) its enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. See Cadapult, 98 F. Supp. 2d at 565; see also Jumara, 55 F.3d at 880 (stating that "[w]here the forum selection clause is valid, which requires that there have been no fraud, influence, or overwhelming bargaining power ... the plaintiffs bear

4

the burden of demonstrating why they should not be bound by their contractual choice of forum") (internal quotation marks omitted).

In determining whether the parties have waived their right to remove via a forum selection clause, the Court must determine the meaning of the clause in the same manner it would any other contractual provision, i.e., by ascertaining the "plain and ordinary meaning" of the clause. Merrill Lynch & Co., 640 F.3d at 547-48. If the language of the forum selection clause is unambiguous, "the inquiry ends and the court must enforce the contract as written." Integrated Health Res., LLC v. Rossi Psychological Grp., P.A., 537 F. Supp. 2d 672, 674-75 (D.N.J. 2008).

In the instant case, Defendant does not argue that the Master Services Agreement is invalid,[3] or that the forum selection clause was obtained through "fraud or overreaching," or that its enforcement would either violate public policy or result in litigation in a jurisdiction so inconvenient as to be unreasonable. But Defendant challenges the forum selection clause as ambiguous, and as such, Defendant bears the burden of demonstrating that the clause should not be enforced. Defendant argues that the forum selection clause is ambiguous for three reasons: 1) the first use of "of" in the forum selection clause is ambiguous because it can be interpreted to mean federal or state court; 2) "the Superior Court of New Jersey is a single unified Superior Court exercising original jurisdiction over all cases" so the use of the term "courts" means both state and federal court in New Jersey; and 3) the addition of "United States of America" to the forum

---

[3] To the contrary, ActionLink itself has sued to enforce the Agreement. See ActionLink, LLC v. LG Electronics, U.S.A., Inc., No. 15-3168, Dkt. No. 1, Complaint ¶¶ 12-33, 38-41 (alleging LG Electronics breached the Master Services Agreement by, inter alia, providing confidential personnel information to an ActionLink competitor, thereby allowing the competitor to hire away ActionLink employees to work on a similar marketing campaign for LG).

selection clause indicates that the case could be brought in either state or federal court in New Jersey.

Defendant relies on cases from the First and Eleventh Circuits, as well as a case from the Northern District of Georgia for the proposition that a forum selection clause that limits jurisdiction to "the courts of the State of …" is ambiguous.  See Opp. Br. at 4, incorporated here by reference, Dkt. No. 16 (citing Stateline Power Corp. v. Kremer, 148 Fed. Appx. 770, 771 (11th Cir. 2005); First State Bank of Northwest Arkansas v. Georgia 4-S Investment LLLP, 715 F. Supp. 2d 1301, 1302 (N.D. Ga. 2010); Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1274 (11th Cir. 2004); LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir. 1984)).  The Court finds that Defendant's reliance on these cases is misplaced.  Cases from the First Circuit, Eleventh Circuit and Northern District of Georgia are not controlling in this district.  While other courts have decided that the phrase "courts of the State of…" is ambiguous, those cases are not controlling here.

The United States Court of Appeals for the Third Circuit addressed the jurisdictional implications of a similar forum selection clause in New Jersey v. Merrill Lynch & Co., 640 F.3d 545 (3d Cir. 2011).  The forum selection clause there provided that "exclusive jurisdiction . . . shall lie in the appropriate courts of the State [of] New Jersey."  Merrill Lynch & Co., 640 F.3d at 546.  The Third Circuit held by using the phrase "of a state" rather than "in a state," the forum selection clause limited jurisdiction exclusively to the specified state court.  Id. at 548-49.  In so holding, the Third Circuit agreed with the Fourth Circuit's conclusion in FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010), that "of [a state]" "'limits jurisdiction . . . to the state courts of the named state.'"  Id.  Accordingly, the Third Circuit rejected the ambiguity that Defendant urges the Court to find here.

The Third Circuit in Merrill Lynch & Co. also addressed the use of the plural "courts" in a forum selection clause. The Third Circuit stated:

> [T]he New Jersey Superior Court may be a unified "court," but it boasts fifteen vicinages throughout the twenty-one counties at the trial level. The use of the plural "courts" is best read as a vestigial reference to the many tribunals comprising the Superior Court of New Jersey, not the federal district courts in the state.

Id. at 548. Accordingly, Merrill Lynch & Co. instructs that a forum selection clause's use of "courts" does not necessarily contemplate both federal and state courts, and when used in conjunction with "of a state," still limits jurisdiction to state court.

The Third Circuit has even interpreted a forum selection clause that, as here, included "USA" after the selection of the courts of a state. Motiva Enterprises LLC v. Swiss Re Int'l S.E., 577 F. App'x 136 (3d Cir. 2014). In Motiva Enterprises, the parties had agreed that any dispute "would be subject to 'the Law of Delaware' and 'Jurisdiction of the State of Delaware, U.S.A.'" Id. at 137. The Third Circuit affirmed the remand of the action to state court by the district court, holding "we also reject the [defendants'] argument that the term 'Jurisdiction of the State of Delaware, USA,' can be construed to encompass the jurisdiction of federal courts located in Delaware." Id. at 139.

Another court in this district also has determined that "the jurisdiction of the judges and courts of the State of New Jersey, United States of America" means that jurisdiction lies exclusively in the state courts of New Jersey. Volvo Fin. Servs., LLC v. Financiera TFC S.A., No. 12-5609, 2013 WL 3761035 (D.N.J. July 16, 2013). Additionally, four other Courts of Appeals have interpreted similar forum selection clauses in the same manner. As noted above, the Third Circuit in Merrill Lynch & Co. relied on the Fourth Circuit in FindWhere Holdings, Inc., 626 F.3d at 754-55. In interpreting "the courts of the state of Virginia, USA," the Fourth Circuit held that

"[a]s federal courts are not courts 'of' the state of Virginia, the contract language at issue refer[red] to sovereignty rather than geography and limit[ed] jurisdiction over the parties' dispute to state court." FindWhere Holdings, Inc., 626 F.3d at 754-55. See also Doe 1 v. AOL LLC, 552 F.3d 1077, 1081-82 (9th Cir. 2009) ("We hold that the forum selection clause at issue here—designating the courts of Virginia—means the state courts of Virginia only; it does not also refer to federal courts in Virginia."); Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 926 (10th Cir. 2005) ("We therefore conclude that the forum selection clause in the parties' agreement ['Courts of the State of Colorado'] designates the Colorado state court system as the forum for resolution of disputes arising out of the contract, and does not include the federal district court."); Dixon v. TSE Int'l Inc., 330 F.3d 396, 397-98 (5th Cir. 2003) (plain meaning of forum selection clause selecting "[t]he Courts of Texas, U.S.A." rests jurisdiction only with Texas state courts).

This Court finds that the Third Circuit has conclusively determined that the use of the terms "of a state," "courts" and "United States of America" does not render the forum selection clause in the instant case ambiguous. Because Defendant has not met its burden of demonstrating that the forum selection clause should not be enforced, the Court finds that the parties agreed to the "exclusive jurisdiction" of the state courts of New Jersey and Defendant waived its right to remove this action. Accordingly, the Court will remand this action to the Superior Court of New Jersey, Bergen County.

### B. Attorney's Fees

Plaintiff also seeks an award of fees under 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs and fees is proper "where the removing party lacked an objectively reasonable basis for seeking removal." Id. A Court "has

broad discretion and may be flexible in determining whether to require the payment of fees under [28 U.S.C. § ] 1447(c)." Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir.1996). Although the United States Court of Appeals for the Third Circuit has found "no need to establish definitive criteria" for awarding fees and costs under this statute, a court can consider whether the notice of removal raised difficult issues or whether it was "frivolous" or "insubstantial." Id. at 1260–61. Bad faith need not be present to award fees. Id. at 1260. Ultimately, in deciding whether to award fees, the Court "must weigh the circumstances of the case before it." Siebert v. Norwest Bank Mn., 166 F. App'x 603, 607 (3d Cir. 2006) (citing Mints, 99 F.3d at 1260).

    Here, Plaintiff seeks fees because "minimal research would have revealed the impropriety of removal"[4] because the Third Circuit has on two prior occasions held that removal was improper where there were operative forum selection clauses binding the parties similar to the forum selection clause in this case. In opposition to the motion to remand, Defendant argues that the forum selection clause must include the federal courts of the State of New Jersey because the language in the forum selection clause refers to "the courts of the state of New Jersey, United States of America" and there is only "one, singular Superior Court of New Jersey." Actionlink, LLC v. LG Electronics U.S.A., Inc., 15- 3168, Dkt. No. 16, Pls.' Opp. at 5. Simply because this Court finds Defendant's argument unavailing, does not mean that it was objectively unreasonable for Defendant to have removed the case. The Court cannot say that Defendant's removal of the instant action was completely without an objectively reasonable basis here, so it would be inappropriate to award fees to Plaintiff. The Court therefore denies Plaintiffs' request for fees.

---

[4] Pl. Reply Br. at 8; see Gloucester Cnty. Imp. Auth. v. Gallenthin Realty Dev., Inc., No. 07-cv-5328, 2008 WL 336784, at *8 (D.N.J. Feb. 5, 2008) (quoting Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997)).

### III.     CONCLUSION

For the reasons above, the Court will grant Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Bergen County, and will deny Plaintiff's request for fees.  An appropriate Order accompanies this Opinion.


Date: October 30, 2015                                              */s Madeline Cox Arleo*
                                                                                       **MADELINE COX ARLEO**
                                                                                       **UNITED STATES DISTRICT JUDGE**